FILIPI, Respondent, v. DOUGHERTY, Appellant.

(191 N. W. 947.)

(File No. 5134.   Opinion filed January 22, 1923.)

1.  **Animals—Trespass—Verdict — Sufficiency of Evidence — Verdict for Damage by Cattle Sustained.**
      Evidence held sufficient to support a verdict for $500 for damage to hay and grain done by cattle.

2.  **Costs—Appeal and Error—Supreme Court May Assess Damages Against Unsuccessful Appellant.**
      Under Rev. Code 1919, Sec. 2601, Subd. 5, as amended by Laws 1919, c. 158, an unsuccessful appellant may be taxed damages for the delay caused by his appeal.

Appeal from Circuit Court, Mellette County; HON. N. D. BURCH, Judge.

Action by J. J. Filipi against M. P. Dougherty. Judgment for plaintiff, and defendant appeals. Affirmed.

*P. A. Hosford,* of Winner, Appellant.

*C. F. Manson,* of White River, for Respondent.

GATES, J.   This is an action for damages to plaintiff's corn in the field, to hay in the shock in the field, and to stacked hay at plaintiff's barn done by defendant's cattle at divers times from August, 1919, to January, 1920. The jury awarded plaintiff $500. From the judgment and an order denying a new trial, defendant appeals.

[1]   There was evidence tending to show that defendant's cattle destroyed the corn, and that such corn was worth from $300 to $360. There was evidence tending to show that plaintiff had about 40 tons of hay in the shock in the field and about 35 tons of hay in the stack at his barn, all of which was consumed and was of the value of from $750 to $900, and that defendant's cattle were seen frequently at both places consuming this hay; but it also appears that Leedom's cattle also consumed a portion of the hay in the shock, and that Leedom's horses and plaintiff's own horses also consumed a part of the hay in the stack.

It appeared that respondent had obtained a judgment against Leedom in the sum of $200 for the damage done by his cattle and horses. It was manifestly impossible for respondent's four horses to have eaten more than 8 tons of hay during the period. So that, placing the lowest value upon the damage testified to,

and deducting the amount of the judgment plus the value of the maximum amount of hay that could possibly have been consumed by respondent's four horses therefrom, the residuum is greatly in excess of the amount of the verdict.

[2] The judgment and order appealed from are affirmed. As damages for the delay caused by the taking of this appeal respondent will be awarded the sum of $50, pursuant to the provisions of subdivision 5, § 2601, Rev. Code 1919, as amended by chapter 158, Laws 1919, which sum the clerk will tax as a part of the costs in this court.

Note—Reported in 191 N. W. 947. See American Key-Numbered Digest, (1) Animals, Key-No. 100(4), 3 C. J. Sec. 468; (2) Costs, Key-No. 260(1), 15 C. J., Sec. 691-692.